UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 07 CR 556 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| BRIAN BURNS. ) | |
| ) | |

# MEMORANDUM OPINION AND ORDER

Defendant Brian Burns ("Burns") has been indicted on two counts of receiving and distributing child pornography. Burns has filed various pre-trial motions: (1) motion for a bill of particulars; (2) motion and supplemental motion to quash search warrants and suppress evidence seized; (3) motion for immediate disclosure of favorable evidence; (4) motion for production of Rule 404(b) evidence; (5) motion for early return of the trial subpoena.[1] For the reasons stated below, Burns's motions for a bill of particulars and for early return of the trial subpoena are granted, and all other motions are denied as indicated below.

## BURNS'S PRE-TRIAL MOTIONS

### I.     Motion for a Bill of Particulars [19]

Burns seeks details, for both counts, of the images described in the indictment and the method by which the images were transported in interstate commerce. The government contends that the information is readily identifiable and so a bill of particulars is unnecessary. The trial court has discretion over a motion for bill of particulars. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). The test is "whether the indictment sets forth the elements of the offense

---

[1] Burns filed the motions on November 7, 2007. The government filed its combined response on November 15, 2007. Burns filed no replies. Burns filed his supplemental motion to quash warrants and suppress evidence seized on February 25, 2008. The government filed its response on February 27, 2008. Burns filed a reply on March 7, 2008.

charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *Id.* (internal citation and quotation marks omitted). Identification of the precise images at issue and the mode of transportation are critical elements of the charges in this case. The requested information appears to be easily accessible to the government, since it asserts that it is available in documents produced to the defendant; therefore, providing a bill of particulars should pose little burden. The motion is granted. The court orders the government to provide Burns with a bill of particulars within 15 days.

II. **Motion to Quash Search Warrants and Suppress Evidence Seized [20]**

Burns was granted time to file a memorandum in support of this motion. In addition to the memorandum, he filed a supplemental motion to suppress which incorporates the same arguments and adds factual detail [37]. Therefore, the original motion is denied as moot. See section VI, *infra*, for analysis of the supplemental motion.

III. **Motion for immediate disclosure of favorable evidence [21]**

Burns demands immediate disclosure of favorable evidence, arguing that a specific request is needed under *United States v. Bagley*, 473 U.S. 667 (1986), and *Agurs v. United States*, 427 U.S. 97 (1976), to ensure a heightened standard of review is applied on appeal. It is true that the government has a duty to disclose material evidence that would tend to exculpate the defendant or that would impeach a government witness pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Here, the government acknowledges its obligation to turn over material information and assures the court that it will comply. Those assurances are sufficient. *See, e.g.*, *United States v. Butler*, No. 93 CR 720, 1994 WL 69387, at *2 (N.D. Ill. Feb. 4, 1994) (collecting cases in the district that so hold). The motion is denied as moot.

**IV.     Motion for production of 404(b) evidence [23]**

Burns requests that he be provided with notice of the government's intent to rely on 404(b) evidence at least 45 days before trial. The government objects to the timeline and scope of the request. Rule 404(b) requires the prosecution to "provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." Fed. R. of Evid. 404(b). What constitutes "reasonable notice" depends on the circumstances of each case, and courts have found notice as short as 48 hours to be sufficient. *See United States v. Blount*, 502 F.3d 674, 677-78 (7th Cir. 2007) (finding one week sufficient where other courts have found 48 hours and several days sufficient). The government states it will provide notice one week prior to trial. The government's assurance is sufficient. Nevertheless, disclosure at least two weeks before trial would provide sufficient time for motions necessitated by the evidence and would obviate the possibility of last minute needs for a continuance and if the government can provide disclosures more than a week before trial, its effort would be helpful. Further, to the extent that Burns's motion seeks more than the "general" nature of such evidence, it is beyond the scope of Rule 404(b). The motion is denied as moot.

**V.     Motion for early return of trial subpoena [24]**

Burns moves for the early return of trial subpoenas but provides few details on the scope of his request. The government does not oppose this motion to the extent that it requests the early return of subpoenas duces tecum pursuant to Rule 17(c) and provided that the court: (1) grants the government similar permission to issue Rule 17(c) subpoenas; and (2) requires that any party receiving materials pursuant to a Rule 17(c) subpoena disclose the materials to the opposing party upon receipt. Burns did not reply or object to these terms. Therefore, the motion is granted, as are the government's requests.

## VI. Supplemental motion to quash [37]

A. <u>Background</u>

Defendant Burns was charged with three counts of aggravated criminal sexual assault in criminal case 06 CR 16681, pending in Skokie, Illinois. As part of the investigation, Evanston Police Department investigators obtained warrants, issued by the Circuit Court of Cook County, on June 23, 2006, June 29, 2006, and July 25, 2006. The Evanston Police Department obtained the first two search warrants as part of its investigation in the aggravated criminal sexual assault case. The police seized Burns's computers and, while they were searching for images of the sixteen-year old alleged victim, they found suspected child pornography. The police terminated the search, and sought a further warrant. The evidence at issue in this motion was found pursuant to the third warrant. Burns has moved to quash the three search warrants on constitutional grounds.

Specifically, Burns argues[2] that: (1) authorization for seizure of Burns's computers and related equipment in the June 23, 2006 warrant ("June 23 Warrant") was overly broad and failed to establish probable cause that the equipment would contain the material sought or that it should be seized and searched off site; (2) authorization for seizure of Burns's computers and related equipment in the June 29, 2006 warrant ("June 29 Warrant") was overly broad and failed to establish probable cause that the equipment would contain the material sought; (3) the search made pursuant to the June 29 Warrant was beyond the scope of the warrant; (4) the July 25, 2006 warrant ("July 25 Warrant") was obtained using illegally obtained information from the previous two warrants and by omitting material information from the Complaint for Search Warrant; and

---

[2] Burns also refers to the search and seizure of his digital camera in his memorandum, but at issue in this motion are images found on Burns's Gateway 510 desktop computer, so all other argument will be disregarded

4

(5) the delay between the July 25 Warrant and the computer search was unreasonable. Burns's arguments are rejected and his motion denied.

      B.      <u>Fourth Amendment Law Regarding Computer Searches And Seizures</u>

Burns argues that the Fourth Amendment applies with particular vigor to computer searches because "[i]f a person's home [is his] castle, [then the] computer must be the inner sanctum of the castle." Mem. of Law in Supp. of Def.'s Supplemental Mot. to Quash at 2. He asserts that, in addition to probable cause and particularity, there are four critical requirements for a legal search of a computer. Burns pieces together the four requirements from holdings in four cases in four different courts,[3] none of which are binding on this court. However, a recent case from the Seventh Circuit dealing with a similar scenario suggests that no such test is required. *See United States v. Watzman*, 486 F.3d 1004 (7th Cir. 2007). In *Watzman*, which post-dates all four cases cited by Burns, the court reviewed a search warrant "where the validity of the warrant [to search and seize a computer believed to contain child pornography] rest[ed] solely on the strength of an affidavit." *Id.* at 1007. To do so, the court employed a standard probable cause analysis that consisted of a "practical, not technical" inquiry and permitted reasonable inferences, such as the inference that a person viewing child pornography was more likely to do so using a home computer than a public computer. *Id.* at 1007-08. Thus, notwithstanding factually inapposite decisions from lower courts,[4] the Seventh Circuit requires no more than a standard Fourth Amendment test for computer searches. The court declines to

---

[3] *United States v. Riccardi*, 405 F.3d 852, 862 (10th Cir. 2005); *United States v. Hay*, 231 F.3d 630 (9th Cir. 2000); *United States v. Hunter*, 13 F. Supp. 2d 574 (D. Vt. 1998); *United States v. Anderson*, 06 CR 127, 2007 WL 1121319 (N.D. Ind. Apr. 16, 2007).

[4] Burns cites to *In re Search of 3817 W. West End, First Floor*, 321 F. Supp. 2d 953 (N.D. Ill. 2004) in support of the proposition that the seizure and search of a home computer requires the government to establish a search protocol that ensures the search will not exceed constitutional grounds. However, the issue in that case was whether a magistrate had overstepped his authority by requiring such a protocol before agreeing to issue the warrant. *Id.* at 957. The court did not hold that such a protocol was necessary, or even desirable, in all cases and certainly did not suggest that the validity of state warrants depend on such a protocol. This court knows of no case that so holds and it declines to follow Burn's suggestion to require such a protocol.

adopt a new test where established constitutional principles suffice to determine whether the warrants were proper.

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Probable cause to search exists "where the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696 (1996); *accord United States v. Peck*, 317 F.3d 754, 756 (7th Cir. 2003). The inquiry is "practical, not technical." *United States v. Anderson*, 450 F.3d 294, 302 (7th Cir. 2006). Probable cause requires "only a probability or substantial chance that evidence may be found." *United States v. Sidwell*, 440 F.3d 865, 868 (7th Cir. 2006). It "does not require direct evidence linking a crime to a particular place; reasonable inferences are permitted." *Watzman*, 486 F.3d at 1008 (quoting *Anderson*, 450 F.3d at 303). Thus, the "scope of a lawful search is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987).

A search pursuant to a warrant that is based on probable cause but lacks particularity is unconstitutional. *Groh v. Ramirez*, 540 U.S. 551, 559 (2004). The particularity requirement prevents general searches and "assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search." *Id.* at 561 (quoting *United States v. Chadwick*, 433 U.S. 1, 9 (1977)). However, the search warrant "need not be elaborately detailed." *Russell v. Harms*, 397 F.3d 458, 464 (7th Cir. 2005). Thus, a reviewing court must determine whether a warrant was based on probable cause, and if so, whether it comported with the particularity requirement of the Fourth Amendment,

mindful that the suppression of evidence, particularly pursuant to a warrant, is an extraordinary remedy.

3. June 23 Warrant

Burns challenges the June 23 Warrant as overly broad and failing to establish probable cause that his computer would contain the material sought or that it should be seized and searched off site. The complaint for the June 23, 2006 search warrant ("Complaint I") describes the police's investigation into allegations of illegal sexual activity that took place at Burns's apartment between Burns and a sixteen-year old girl. Part of Complaint I notes that "[t]he victim has communicated via e-mail between [Burns's] computer and hers, and text messaging on cell phones. According to the victim, arrangements and meetings were done by computer (emails) and text messaging." Def.'s Supplemental Mot. to Quash, Ex. A-1. It explains that Burns and the alleged victim exchanged e-mails about their meetings, and that allegedly illegal sexual activity took place during some of those meetings. *Id.* The June 23 Warrant authorized police to seize "[c]omputers, hard drives, monitor and accessories, digital cameras, all bedding[,] vibrators (sexual aid), pornographic material, safes or strong boxes, and proof of residency or control of premise[s] . . . [w]hich have been used in the commission of or which constitutes evidence of the offense of Criminal Sexual Assault[,] 720 ILCS 5/12-13(a)." *Id.* Ex. A-2.

Burns argues that computers do not e-mail with each other, e-mail accounts do, and therefore there can be no probable cause to search a home computer for evidence of e-mails. Although Burns's assertion may be true, it does not obviate the fact that evidence of those e-mails may exist on a home computer, and that a probability that evidence may be found in a

certain location is all that is needed to establish probable cause.[5] Alternate inferences about where the e-mails might reside is irrelevant to the analysis here.[6] *See Watzman*, 486 F.3d at 1008 (rejecting an argument that a warrant that authorized a search for child pornography on a home computer lacked probable cause where the defendant argued there was no evidence images had been downloaded at home rather than at work, school, or at the airport); *Anderson*, 450 F.3d at 303 (absence of direct evidence linking a crime to a particular place does not eliminate possibility of finding probable cause).

Burns also alleges that Complaint I fails to explain why the computers had to be seized and removed and that the search could have been completed at Burns's home. He relies on *United States v. Hay*, 231 F.3d 630 (9th Cir. 2000), for the proposition that "[t]he Fourth Amendment requires that the complaint establish an adequate basis for seizing computers and searching them off-site." Mem. of Law in Supp. of Def.'s Supplemental Mot. to Quash at 8. However, at issue in *Hay* was whether a warrant was overbroad where it allowed the search and seizure of an entire system without reference to the crime or timeframe of events. *See Hay*, 231 F.3d at 636-37. Thus, *Hay* addressed the proper scope of a warrant. Burns's argument differs in that he challenges the necessity of the seizure, not the scope of the warrant. He argues that the affidavit should have included details to explain why a seizure was needed, essentially saying that, absent such details, the Evanston Police Department should have conducted its forensic examination of his computer at his house. He points to no authority for such a proposition and the court has found none.

---

[5] Burns argues that it is problematic that Complaint I discusses only one computer but that police seized multiple computers. However, it was reasonable for the police to assume that either or both of the computers contained evidence of a crime, and the warrant was sufficiently definite in specifying that computers (plural) could be seized.
[6] Burns notes that the Department of Justice manual suggests subpoenaing the third-party e-mail provider and avoiding seizing the equipment where possible, but does not explain what relevance or binding effect this has on the Evanston Police Department's investigation of a state criminal matter.

8

It is true that the June 23 Warrant does not contain details of why a seizure before search was necessary and that a detailed description of the technical issues that make such seizures necessary appears for the first time in the June 29 Warrant. However, this omission from the June 23 Warrant does not invalidate it as the warrant still passes constitutional muster.

Courts have found that seizure of computer equipment before search is reasonable given the complexities of electronic searches, as long as the requirements of the Fourth Amendment are met. *See, e.g.*, *In re Search of 3817 W. West End, First Floor*, 321 F. Supp. 2d 953, 958 (N.D. Ill. 2004) (requiring a "close look at the particularity requirement" because "it is frequently the case with computers that the normal sequence of 'search' and then selective 'seizure' is turned on its head" as a result of the difficulty of conducting an on-site search of computers); *United States v. Grimmett*, 04-40005-01, 2004 WL 3171788, *5 (D. Kan. Aug. 10, 2004) (finding it "reasonable to conduct a search of a computer off-site"); *United States v. Hunter*, 13 F. Supp. 2d 574, 584 (D. Vt. 1998) ("[U]ntil technology and law enforcement expertise render on-site computer records searching both possible and practical, wholesale seizures, if adequately safeguarded, must occur."). In fact, some courts have found that seizure is *less* intrusive than an on-site search of computers. *See, e.g.*, *United States v. Summage*, 481 F.3d 1075, 1079-80 (8th Cir. 2007) ("As a practical matter, it is frequently difficult, and often times more intrusive to an individual's privacy, to perform an on-site review of certain [computer] items."); *United States v. Tylman*, No. 06-20023, 2007 WL 2669567, *13 (C.D. Ill. Aug. 22, 2007) (reasoning that requiring police to conduct an on-site search of computers "would simply not be practical and would almost certainly be more intrusive to the privacy of the computer owners" than an off-site search).

The language of the June 23 Warrant established probable cause, as explained above, and was sufficiently particularized in that it specified the items to be seized (computers and accessories) and the purpose for which the items were seized, namely that they were "used in the commission of or . . . constitute[ed] evidence of the offense of Criminal Sexual Assault." *Cf. Hunter*, 13 F. Supp. 2d at 584 (finding a warrant authorizing wholesale seizure of business computers lacked particularity where it did not delineate the scope of the subsequent search by specifying the crime for which evidence would be sought). Thus, the warrant authorizing the seizure comported with the requirements of the Fourth Amendment. Burns's motion to quash the June 23 Warrant is denied.

> D. June 29 Warrant And Subsequent Search

Burns challenges the June 29 Warrant for being overly broad and failing to establish probable cause that the computers would contain the material sought. He also challenges the search conducted pursuant to the June 29 Warrant as being beyond the scope of the warrant.

The complaint for the June 29, 2006 search warrant ("Complaint II") stated:

> The Victim . . . related that Burns has taken pictures of her on his digital camera and the two have exchanged pictures of each other via electronic means (e-mail). . . . The Victim reported that they would e-mail each other using their personal e-mail accounts as well as instant message accounts. . . . The Victim further states arrangements and meetings between Brian Burns and the Victim were done by computer, both Instant Message and e-mails.

Def.'s Supplemental Mot. to Quash, Ex. B-1 at 3. Complaint II included information relating to the need to seize computers in order to allow a later search by a qualified computer expert to ensure recovery of all files, including hidden, erased, compressed, password-protected, or encrypted files. *Id.* at 5. The June 29 Warrant authorized a search of the computer equipment seized pursuant to the June 23 Warrant, specifically, a search for:

> 1) Any and all communications including but not limited to read, unread, sent and deleted emails, which may or may not include images or other attachments pertaining to the Aggravated Criminal Sexual Assault of the Victim by Brian Burns.
> 2) Any and all digital images of the Victim . . . .
> 3) Proof of ownership and/or use of computers, computer files and/or online accounts including but not limited to Yahoo!.
> 4) Computer passwords and other security devices.

*Id.* Ex. B-2. In cooperation with the Department of Homeland Security, the Evanston Police Department performed an image preview of the computer looking for photographs of the alleged victim. *See* Gov't's Resp. to Def.'s Supplemental Mot. to Quash, Ex. 1. The investigators stopped the preview after finding images of suspected child pornography and sought further authority to search the hard drive. *Id.*

Burns advances the same arguments as he did for the June 23 Warrant. Specifically, he argues that the Complaint II allegations regarding e-mails and e-mail attachments fail to establish probable cause that evidence of a crime would be found on his computer rather than just in his e-mail account, which he alleges is located on a server owned by a third-party. The court has already rejected the same argument for the June 23 Warrant and finds no reason to change its analysis for the June 29 Warrant. Thus, the court finds that the June 29 Warrant complies with the requirements of the probable cause and particularity requirements of the Fourth Amendment.

Burns then argues that the search, namely the image preview of the hard drive, went beyond the scope of the June 29 Warrant and should have been restricted to his e-mail transmissions. He states, a "search for images is clearly beyond the scope of the warrant." Mem. of Law in Supp. of Def.'s Supplemental Mot. to Quash at 11. However, the warrant – on its face – allows exactly such a search, based on Complaint II's details about Burns's exchanging of photographs via email with the sixteen-year old alleged victim. *See* Def.'s Supplemental Mot. to Quash, Ex. B-2 ¶ 2 (allowing a search for "Any and all digital images of the Victim"). Also, it is

reasonable to infer that any images sent via e-mail were transferred from Burns's digital camera to his hard drive before being attached to an e-mail message and that the images could still reside on the hard drive as well as existing in his e-mail account. Burns admits that this is literally correct but that the inference is constitutionally impermissible because it opens the door for general warrants as technology allows almost anything to be scanned and uploaded to a hard drive. This argument stretches the inference to its breaking point, especially given that in this case there is clear testimony from the alleged victim that Burns sent electronic images via e-mail.

The cases Burns cites for the proposition that an image preview is unconstitutional are inapposite. For example, in *United States v. Carey*, 172 F.3d 1268, 1270 (10th Cir. 1999), a search for child pornography was found to be outside the scope of a warrant that permitted a search for "names, telephone numbers, ledger receipts, addresses and other documentary evidence pertaining to the sale and distribution of controlled substances." Here, the warrant specifically authorized a search for images of a sixteen-year old girl as evidence pertaining to aggravated criminal sexual assault. In order to find these images, the investigators performed an image preview so that they could compare the images found with a known image of the alleged victim. It is unclear how else the investigator could have conducted such a search. Additionally, Complaint II clearly explains the challenges of locating files and information in a computer system and the possibility that files could be password protected, deleted, compressed, hidden, or moved from their original location. Thus, a search beyond the contents of the e-mail program was reasonable to ensure that all evidence relating to the alleged crime was found and, as explained above, an image preview was as narrowly-tailored as possible given the circumstances. *See, e.g.*, *Summage*, 481 F.3d at 1079 (allowing a broad search because the officers did not know the particular electronic format in which the evidence was maintained by the suspect). The court

thus denies the motion to quash, concluding that the search conducted pursuant to the June 29 Warrant was within its lawful scope. *See United States v. Wong*, 334 F.3d 831, 838 (9th Cir. 2003) (finding the plain view doctrine applicable to child pornography discovered during a lawful search of a computer's graphic files for evidence of murder).

  E.  July 25 Warrant

The July 25 Warrant authorized a search of the computer equipment seized on June 23, 2006 to search for and seize "any and all Child Pornography and data . . . ." Def.'s Supplemental Mot. to Quash, Ex. D-2. Burns argues that the suspected child pornography images are "fruit of the poisonous tree" from the improper searches and seizures conducted pursuant to the June 23 Warrant and June 29 Warrant. However, the court has found that both warrants were based on probable cause and were sufficiently particular. Therefore, Burn's "fruit of the poisonous tree" argument is rejected. Burns also argues that the requesting officer, Detective Mokos ("Mokos"), materially misrepresented information in the complaint he submitted in support of the July 25, 2006 search warrant ("Complaint III") and that Burns is, therefore, entitled to a *Franks* hearing.[7]

"[A] warrant request violates the Fourth Amendment if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue." *Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003). In Complaint III, Mokos notes that "[a]fter observing . . . images of suspect child pornography, the forensic examination was stopped in order to obtain further authority to search for images of child pornography." Def.'s Supplemental Mot. to Quash, Ex. D-1 at 5. Burns argues that this constitutes a false statement because Mokos did not disclose that he had actually returned the June 29 Warrant as "void and unexecuted." The government responds that Mokos did not make a false statement but simply

---

[7] *Franks v. Delaware*, 438 U.S. 154 (1978).

chose his words poorly.  Burns also argues that the voiding of the June 29 Warrant makes any evidence found pursuant to it unlawful.[8]

In Complaint III, Mokos described how two previous search warrants had been obtained, that certain items were seized under the June 23 Warrant, and that the search pursuant to the June 29 Warrant had been stopped upon discovery of images suspected to be child pornography in order to obtain further authority.  *Id.*, Ex. D-1.  Mokos explicitly states that the June 23 Warrant was executed, but does not so state for the June 29 Warrant.  *See id.*, Ex. D-1 at 3, 4.  Mokos attached a copy of the June 29 Warrant, including the signed "void and unexecuted" statement, and Complaint II to Complaint III.  *Id.*, Ex. D-1  Thus, before issuing the July 25 Warrant, the magistrate was able to review Complaint III and the June 29 Warrant, which include the statements that Burns argues are contradictory and false.  Despite the fact that Mokos accepted a pre-printed term, namely "void and unexecuted," when he signed the statement on the June 29 Warrant, he accurately described in Complaint III what happened when he attempted to execute the warrant.  Viewing Mokos's affidavit in full, the court concludes that there was no misstatement of fact made to the magistrate.  *See United States v. Harris*, 403 U.S. 573, 579 (1971) (A policeman's affidavit "should not be judged as an entry in an essay contest, but rather should be judged by the facts it contains").

The court also notes that Burns does not suggest that the June 29 Warrant was, in fact, "void and unexecuted" rather than, as the government posits, "not completed."  Rather, he asks the court to construe the warrant as void because Mokos so annotated it and then to find that the omission in Complaint III of the inaccurately-described status of the June 29 Warrant represented a material misstatement.  However, since the June 29 Warrant was *not* void, it is

---

[8] Burns provides no information to suggest that the warrant actually was void; he seems to suggest that the court should treat it as void because Mokos wrote "void" on it.

14

hard to see how omission of this "fact" constitutes a misrepresentation. Burns does not dispute that Mokos provided copies of the June 29 Warrant and Complaint II to the magistrate. Nor does he dispute that Mokos accurately represented the investigation and history of warrants to the magistrate in Complaint III. In fact, he hangs his whole argument on the non-disclosure of the annotation "void and unexecuted," which he does not even claim is an accurate description of the June 29 Warrant. The court declines to accept Burn's argument; it finds no misrepresentation, no basis to suppress evidence found pursuant to the July 25 Warrant, and no basis for conducting a *Franks* hearing on this issue. Having found that the July 29 Warrant was legally sufficient, the court does not reach the issue of whether the good faith exception applies. The motion to quash the July 25 Warrant is denied.

    F.    <u>Reasonableness Of Delay</u>

Finally, Burns argues that the delay between the issuance of the third warrant on July 25, 2006 and the completion of the forensic search by the Department of Homeland Security ten months later is *per se* unreasonable under the Fourth Amendment. A delay must be reasonable, but there is no constitutional upper limit on reasonableness. *See United States v. Hernandez*, 183 F. Supp. 2d 468, 480 (D.P.R. 2002) ("Neither Fed. R. Crim. P. 41 nor the Fourth Amendment provides for a specific time limit in which a computer may undergo a government forensic examination after it has been seized pursuant to a search warrant.").

Burns provides no authority for his assertion that the government must provide facts to justify the reasonableness of the delay or else be found to be in abrogation of the Fourth Amendment. Rather, courts have upheld delays of various lengths to be reasonable as a matter of law, including a delay of a similar length to that at issue. *See, e.g.*, *United States v. Syphers*, 426 F.3d 461, 469 (1st Cir. 2005) (finding that a five-month delay in processing a computer

already in police custody "did not invalidate the search . . . because there is no showing that the delay caused a lapse in probable cause, that it created prejudice to the defendant, or that federal or state officers acted in bad faith to circumvent federal requirements"); *United States v. Gorrell*, 360 F. Supp. 2d 48, 55 n.5 (D.D.C. 2004) (finding a delay of ten months in processing computer data to be lengthy, but not so long as to "take the data outside the scope of the warrant such that it needs to be suppressed"); *Hernandez*, 183 F. Supp. 2d at 481 (finding a delay of approximately six weeks to process a computer reasonable); *Grimmett*, 2004 WL 3171788 at *5 (finding a search of a computer within a few weeks of the execution of a warrant to be reasonable).

The delay in this case was certainly lengthy and the government does not give any reason for the delay. However, Burns does not assert that the time lapse affected the probable cause to search the computer (nor could he, given that suspected child pornography had already been found on the hard drive), that the government has acted in bad faith, or that he has been prejudiced in any way by the delay, and the warrant does not specify a date by which the search must have been conducted. The agency responsible for conducting the search is the Immigration and Customs Enforcement division of the Department of Homeland Security, which undoubtedly has many priorities competing for its resources. In light of the lack of impact the delay had on probable cause, the absence of apparent bad faith or prejudice, and that suppression is an extraordinary remedy, the court denies the motion to quash on the basis of delay.

## Conclusion

For the reasons stated above, defendant's: (1) motion for a bill of particulars is granted; (2) motion to quash search warrants and suppress evidence seized is denied as moot; (3) motion for immediate disclosure of favorable evidence is denied as moot; (4) motion for production of Rule 404(b) evidence is denied as moot; (5) motion for early return of the trial subpoena is

granted according as are the government's requests; and (6) supplemental motion to quash search warrants and suppress evidence seized is denied.

ENTER:

___/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: April 29, 2008